IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| GREG FREEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE<br>INSURANCE COMPANY<br>OF AMERICA<br><br>    Defendant. | **COMPLAINT** |

Plaintiff Greg Freeman, for his claims against Defendant, The Guardian Life Insurance Company of America, states and alleges as follows:

## PARTIES

1. Plaintiff Greg Freeman ("Freeman") is, and at times relevant to the allegations contained herein has been, a resident of Grand Forks, Grand Forks County, North Dakota.

2. Defendant, The Guardian Life Insurance Company of America ("Guardian"), is a corporation organized and existing under the laws of the State of New York which conducts ongoing business with North Dakota residents, has extensive contacts within the state, and accordingly is found in North Dakota.

## JURISDICTION AND VENUE

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and principles of federal common law developed thereunder, and the Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1).

1

4. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), because the case involves an employee benefit plan administered in this district and the Defendant does business in this district.

**FACTUAL BACKGROUND**

5. Plaintiff restates and realleges paragraphs 1 through 4.

6. For his Complaint, Freeman seeks reinstatement of long-term disability ("LTD") benefits from Guardian, together with his attorney's fees, costs, and disbursements in this action, his claims being governed by ERISA, 29 U.S.C. § 1001, *et seq*.

7. Prior to his disability, Freeman worked for Light Tower Rentals as a field technician.

8. Through his employment with Light Tower Rentals, Freeman was provided LTD coverage as part of Light Tower Rentals' LTD group policy, which at all times relevant was underwritten by Guardian.

9. Due to total disability arising from several severe impairments, Freeman was unable to continue working for Light Tower Rentals and thereafter filed a claim with Guardian for LTD benefits.

10. On November 16, 2015, Guardian approved Freeman' claim, conceding that that he was physically unable to perform the duties of his occupation as a field technician.

11. On April 29, 2020, Guardian indicated via letter that additional benefits were not payable to Freeman, alleging he was no longer disabled under the terms of the plan.

12. Freeman appealed Guardian's denial on May 12, 2020.

13. On October 29, 2020, Guardian issued its "final position" on its denial of LTD benefits, alleging Freeman could perform work as a janitor or assembler and indicating he had exhausted all administrative remedies.

14. Freeman has therefore exhausted his administrative remedies under ERISA and/or resort to further administrative remedies was and is futile, requiring timely commencement of this ERISA action.

15. Despite submitting medical evidence in support of his appeal demonstrating entitlement to ongoing LTD benefits, Freeman's administrative appeal was denied by Guardian in a manner that was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the policy, and not based on substantial evidence as demonstrated by the following non-exhaustive examples:

   a. Guardian relied on the opinions of medical professionals and other consultants who were financially biased by their relationship with Guardian and as such were unable to offer unbiased opinions;

   b. Guardian relied on the opinions of medical professionals and other consultants which were not supported by substantial evidence in the claim file and were not consistent with the overall evidence in the record;

   c. Guardian ignored compelling medical evidence and took selective evidence out of context to deny Freeman's claim for ongoing LTD benefits;

   d. Guardian, despite reaping the financial benefit of Freeman's receipt of Social Security Disability Insurance benefits by offsetting his LTD benefits against the same, failed to obtain and adequately consider the findings of the Social Security Administration that Freeman was and is unable to perform the demands of his past relevant work and all other work that exists in significant numbers in the national economy considering his age, education, and work experience; and

   e. Guardian ignored and / or misrepresented the opinions of Freeman's treating physicians.

## COUNT I

16. Freeman restates and realleges paragraphs 1 through 15.

17. Freeman is disabled under the terms of the LTD policy and is entitled to receive LTD benefits.

18. Guardian's termination of Freeman's LTD benefits violates ERISA, 29 U.S.C. § 1001, *et seq*.

19. By reason of the foregoing, Freeman is entitled to judgment against Guardian for reinstatement of LTD benefits, retroactive and ongoing LTD benefits, plus interest and reasonable attorneys' fees and costs, and a declaration that Freeman is entitled to benefits under the LTD group policy.

## COUNT II

20. Freeman restates and realleges paragraphs 1 through 19.

21. Plaintiff has been forced to bring this action as a direct result of Guardian's violations.

22. As a direct result of Guardian's acts and failures, Freeman has incurred attorneys' fees and costs. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

23. WHEREFORE, Freeman requests judgment in his favor and against Guardian as follows:

   1. Adjudicate that Freeman meets the definition of disability under the LTD group plan;

   2. Adjudicate that Guardian owes Freeman retroactive monthly benefits under the LTD group plan, plus interest;

   3. Enjoin Guardian to pay LTD benefits under the LTD group plan, plus accrued interest;

4.      Award Freeman the costs, disbursements and other expenses of this litigation, including reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

5.      Award such additional and further relief as the Court may deem just and proper.

Respectfully submitted this 29th day of April, 2021.

By: _____
Mac Schneider
Schneider Law
Attorney for Plaintiff
ND ID# 06476
815 Third Avenue South
Fargo, North Dakota 58201
(701) 235-4481
mac@schneiderlawfirm.com